IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KARL C. MITCHELL,

    Plaintiff,

v.

GREGORY DOZIER, et al.,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-4

## ORDER

The Court has conducted an independent and *de novo* review of the entire record and concurs with the Magistrate Judge's Report and Recommendation, (doc. 12). Plaintiff did not file Objections to this Report and Recommendation. Accordingly, the Court **ADOPTS** the Report and Recommendation as the opinion of the Court. Thus, the Court **DISMISSES** Plaintiff's claims: that Defendants have implanted transmitters into Plaintiff and all claims related to those allegations; for monetary damages against Defendants in their official capacities; and against Defendant Gregory Dozier in their entirety.

In addition, the Magistrate Judge directed Plaintiff to return his prisoner trust account statement and collection of fees from trust account forms within thirty (30) days of the August 13, 2018, Order. (Doc. 12, p. 7.) The Magistrate Judge warned Plaintiff that his failure to return the required forms would result in the dismissal of Plaintiff's claims without prejudice based on his failure to prosecute and to follow this Court's Orders. (Id.) The Magistrate Judge also advised Plaintiff his claims arising from events occurring in January 2017, claims arising from events occurring in September 2017, and his Eighth Amendment claims were unrelated to each other and

the other allegations in his Complaint. (Id. at p. 13.) Nevertheless, the Magistrate Judge afforded Plaintiff the opportunity to amend his Complaint, provided detailed instructions as to how he should amend his Complaint, and directed the Clerk of Court to forward a blank copy of a 42 U.S.C. § 1983 form to Plaintiff. (Id. at pp. 14–15.) The Magistrate Judge also forewarned Plaintiff his failure to file an Amended Complaint in a timely manner would result in the dismissal of his cause of action. (Id. at p. 15.)

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff that his failure to file his prisoner trust account forms or an appropriate Amended Complaint would result in the dismissal of his Complaint. (Doc. 12.)

2

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits; therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

As noted above, this Court issued an Order directing Plaintiff to return his prisoner trust account forms, to amend his Complaint, and provided specific instructions as to how Plaintiff could amend his Complaint. (Doc. 12.) The Court warned Plaintiff in its Order that, if he did not

3

follow this Court's instructions, the Court could dismiss his case for failure to follow this Court's Order and failure to prosecute. (Id. at pp. 7, 14–15.) Nevertheless, Plaintiff ignored the Court's instructions and did not file any response to this Court's August 13, 2018, Order. In fact, Plaintiff has taken no action in this case since February 22, 2018. (Doc. 10.) Consequently, the Court **DISMISSES without prejudice** Plaintiff's remaining claims, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff *in forma pauperis* status on appeal.[2]

SO ORDERED, this 30th day of October, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009). Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.